JS-6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John D. Thomas, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America Home Loans, et al.,<br><br>Defendants. | CASE NO. SACV 11-1832-JST (VBKx)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS (Docs. 43, 45) AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011-00518945** |

Before the Court are: (1) a Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") ("Ocwen Mot.," Doc. 45), and (2) a Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendants Bank of America Home Loans ("Bank of America") and Recontrust Company, N.A. ("Recontrust") ("Bank of America Mot.," Doc. 43). Having considered the briefs and supporting documents submitted by the parties, having heard oral argument, and having taken the matters under submission, the Court GRANTS Defendants' Motions to Dismiss with prejudice as to Plaintiffs' federal claim and REMANDS the action to Orange County Superior Court, Case No. 30-2011-00518945.

**BACKGROUND**

Plaintiffs John D. Thomas ("Thomas") and David R. Altshuler as trustee for the 2004 Monarch Bay Drive Trust ("Altshuler") (collectively, "Plaintiffs") initiated this action on October 28, 2011, by filing a Complaint in Orange County Superior Court against Ocwen, Bank of America, and Recontrust (collectively, "Defendants"). (Compl. ¶¶ 1-5, Doc. 1, Ex. 1.) The Complaint asserted six claims arising out of Ocwen's alleged failure to provide accurate material disclosures for a mortgage loan issued to Thomas to purchase his residence located at 230 Monarch Bay Drive, Dana Point, CA 92629 (the "Property"): (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1605, *et seq.* ("TILA") and its implementing regulations ("Regulation Z"); (2) unfair and deceptive business practices in violation of California's unfair competition law, California Business & Professions Code §§ 17200, *et seq.* (the "UCL"); (3) breach of the implied covenant of good faith and fair dealing; (4) cancellation of instrument; (5) quiet title; and (6) rescission in equity. (*Id.* ¶¶ 15-64.)

On April 5, 2012, the Court granted Defendants' Motions to Dismiss Plaintiffs' Complaint. (Order Granting Defs.' Mot. to Dismiss ("MTD Order") at 11, Doc. 30.) In so doing, the Court dismissed with prejudice Plaintiffs' claims for rescission under TILA,

rescission in equity, and cancellation of instrument, and dismissed with leave to amend Plaintiffs' remaining claims.  Plaintiffs filed their First Amended Complaint on May 23, 2012 (the "FAC").  The FAC asserts four claims against Defendants:  (1) violation of TILA and Regulation Z, (2) unlawful business practices in violation of the UCL; (3) breach of the covenant of good faith and fair dealing; and (4) quiet title.  (FAC ¶¶ 32-66, Doc. 39.)

The FAC alleges that on December 7, 2005, Thomas obtained a home mortgage loan from Ocwen to finance the Property.  (*Id*. ¶¶ 1, 16.)  The loan was secured by a Deed of Trust on the Property naming Ocwen as the lender and Recontrust as the trustee.  (Ocwen Req. for Judicial Notice ("RJN"), Ex. 1 at 2, Doc 46.)[1]  On December 2, 2011, Ocwen assigned the Deed of Trust to Bank of America.  (*Id*., Ex. 2 at 1.)

Plaintiffs allege that Ocwen violated TILA by failing to provide Thomas, at the time he entered into the loan transaction, with two copies of a Right to Cancel Notice advising him of his right to rescind the loan within three days.  (FAC ¶¶ 18-19, 24-25.)  Plaintiffs also assert, on information and belief, that the disclosure statement issued in connection with the loan transaction further violated TILA and Regulation Z by providing an "inaccurate calculation of the amount financed, misleading disclosures regarding the timing of disclosures concerning the variable rate nature of the loan, misleading disclosures about the application of a prepayment penalty, and . . . failing to disclose the index rate from which the payment was calculated and selection of historical index values."  (*Id*. ¶ 38.)

---

[1]   In support of its Motion to Dismiss, Ocwen filed a Request for Judicial Notice, requesting that the Court take judicial notice of, *inter alia*:  (1) the December 7, 2005, Deed of Trust executed by Thomas to secure the loan on the Property, and (2) a December 2, 2011, Assignment of Deed of Trust assigning Ocwen's interest in the loan to Bank of America.  (RJN, Exs. 1-2.)  Plaintiffs did not oppose Ocwen's request.  Ocwen's Request for Judicial Notice is GRANTED as to Exhibits 1 and 2, as the contents of those documents are "not subject to reasonable dispute" in that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The remaining Exhibits included in Ocwen's RJN are not necessary to this Order.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

    **I.**    *First Cause of Action: Violation of TILA and Regulation Z*

The FAC seeks rescission and damages against all Defendants for Ocwen's alleged failure to make required disclosures under TILA and Regulation Z at the time Thomas entered into the loan transaction on December 7, 2005. The Court's MTD Order

previously dismissed with prejudice Plaintiffs' rescission claim as barred by the three-year statute of repose for rescission actions under TILA. (MTD Order at 5, citing *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012).) Accordingly, Plaintiffs' attempt to state such a claim in the FAC is improper, and the Court reiterates that Plaintiffs' claim for rescission under TILA is dismissed with prejudice.

The Court's MTD Order also dismissed without prejudice Plaintiffs' claim for damages under TILA, holding that such a claim was time-barred unless Plaintiffs could allege facts demonstrating that their TILA damages claim was subject to equitable tolling. (*Id*. at 5-6, citing *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).) The Court granted Plaintiffs leave to amend their TILA claim to allege a sufficient basis for equitable tolling. (*Id*. at 6.) Plaintiffs have failed to do so.

The Ninth Circuit has made clear that equitable tolling "may, in the appropriate circumstances, suspend the limitations period [for TILA damages claims] until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. Equitable tolling is only appropriate "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045 (9th Cir. 2011). Though equitable tolling often involves factual inquiries inappropriate at the motion to dismiss stage, dismissal is proper where a plaintiff fails to allege any facts "demonstrating that he . . . could not have discovered the alleged violations by exercise of due diligence . . . ." *Linares v. First Mortg. Corp.*, No. CV 11-10633 CAS (CWx), 2012 WL 386714 at *3 (C.D. Cal. Feb. 6, 2012); *see also Cervantes*, 656 F.3d 1034, 1045 (9th Cir. 2011) (upholding dismissal of TILA claim without leave to amend where "plaintiffs have not alleged circumstances beyond their control that prevented them from seeking a translation of the loan documents that they signed and received").

Plaintiffs allege that equitable tolling applies to their TILA damages claim because, "[d]espite [Thomas's] efforts, he was unable to discover [the TILA] violation due to Defendant Ocwen's failure to provide the two disclosure statements." (FAC ¶ 39.) In other words, Plaintiffs' only basis for equitable tolling is Ocwen's failure to provide two copies of the Right to Cancel Notice—i.e., the alleged TILA violation itself. This Court is persuaded by other courts of this circuit that have held that "[t]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations." *Murphy v. Metrocities Mortg. LLC*, CV 11-02719 DDP (CWx), 2011 WL 5319917, at *2 (C.D. Cal. Sept. 27, 2011) (quoting *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009)). Such a result "would render the one-year statute of limitations meaningless, as it would be tolled whenever there were improper disclosures." *Id*. That view is consistent with the Ninth Circuit's approval of the dismissal of TILA claims as time-barred at the pleading stage where "plaintiffs have not alleged circumstances beyond their control that prevented" them from discovering the alleged TILA violations through basic investigation. *Cervantes*, 656 F.3d at 1045. Here, "nothing prevented [Thomas] from comparing the loan contract, [Ocwen's] disclosures, and TILA's statutory and regulatory requirements" at the time he entered into the loan contract in December 2005. *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (per curiam) (refusing to toll statute of limitations for TILA claims).

For the foregoing reasons, and because Plaintiffs pointed to no additional facts in their opposition to Defendants' Motions to Dismiss or at oral argument in support of equitable tolling, Plaintiffs' TILA damages claim is DISMISSED WITH PREJUDICE.

## II.   *Supplemental Jurisdiction*

Plaintiffs' only remaining claims are state-law claims. A "district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims [have been] dismissed." *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th

Cir. 2011) (citation omitted).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Despite the fact that this action was removed in November 2011, it has not progressed past the pleading stage, and the only federal claim has been dismissed in its entirety.  Therefore, because this case is in its early stages and because all remaining claims are state-law claims, the Court declines to exercise supplemental jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss as to Plaintiffs' TILA claim, and dismisses Plaintiffs' TILA claim WITH PREJUDICE. Plaintiffs' remaining state-law claims are REMANDED to Orange County Superior Court, Case No. 30-2011-00518945.

DATED: July 24, 2012

_____
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

7